IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SAM J. PEARSON IV,
    Plaintiff,

vs.                                                   Case No:  3:06cv174/MCR/EMT

GREGORY R. MILLER,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

        This cause is before the court upon Plaintiff's "Writ of Mandamus" (Doc. 1).  Leave to proceed in forma pauperis has been granted (Doc. 4).

        Plaintiff initiated this action by filing a petition for writ of mandamus on April 24, 2006 (Doc. 1).  In Plaintiff's petition, he requests that the court issue an order compelling the United States Attorney to "perform his ministerial, non-discretionary duty owned by [Plaintiff]" (*id.* at 1).  Plaintiff states that Defendant is the opposing counsel in another one of Plaintiff's actions in this court, Pearson v. Walker, Case No. 3:05cv320/RV/EMT (*id.*).  Plaintiff alleges that, because Defendant failed to "submit to settlement authority No. 14-95, 28 C.F.R. Part 0, Subpart Y, APP" in Plaintiff's other case, Defendant neglected his duty to Plaintiff (*id.* at 1–2).  Plaintiff additionally seeks a settlement in the amount of $995,000.00 (*id.* at 2).

        Plaintiff has not established entitlement to the writ.  Three elements must exist before mandamus is appropriate: 1) Plaintiff must have a clear right to the relief; 2) Defendant must have a clear duty to act, and 3) no other adequate remedy must be available.  *See* Sheehan v. Army & Air

Force Exchange Serv., 619 F.2d 1132 (5th Cir. 1980);[1] Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34, 101 S. Ct. 188, 190, 66 L. Ed. 2d 193 (1980) ("It is not disputed that the remedy of mandamus is a drastic one, to be invoked only in extraordinary situations.") (citations omitted). A party seeking issuance of the writ must have no other adequate means to attain the relief he desires, and he must establish a "clear and indisputable" right to the writ. *Id.* at 35–36. Plaintiff bases his claim on Directive Number 14-95 (28 C.F.R. Part 0, Appendix to Subpart Y). Directive 14-95 gives United States Attorneys the authority to "Accept offers in compromise of claims" (Section 1(b)(2)(a)) *and* to "Reject any offers" (Section 1(b)(2)(c)). The directive cited by Plaintiff establishes that the decision of whether to settle is clearly within the discretion of the United States Attorney. Therefore, Plaintiff has not established either that he has a clear right to have this court compel Defendant to settle or that Defendant has a duty to settle.

Even if Plaintiff did have a clear right to this relief, his claim is moot. Article III of the United States Constitution requires that there be present before the court a live, justiciable case or controversy at all stages of the litigation. Preiser v. Newkirk, 422 U.S. 395, 401–02, 95 S. Ct. 2330, 2334, 45 L. Ed. 2d 272 (1975). Absent such criterion, the district court has no jurisdiction over the cause as federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them. *Id.* The court notes that Pearson v. Walker, Case No. 3:05cv320/RV/EMT, was dismissed on August 28, 2006, for lack of subject matter jurisdiction and for Plaintiff's failure to demonstrate that he was entitled to the relief requested (*see id.*, Docs. 27, 28). Thus, Plaintiff's request that Defendant "submit to settlement authority" (*see* Doc. 1 at 2) in the other case is moot.

Accordingly, it is respectfully **RECOMMENDED**:

That the petition for writ of mandamus (Doc. 1) be **DISMISSED** with prejudice and the clerk be directed to close the file.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

At Pensacola, Florida, this 15th day of September 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**